IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11-4344-CV-C-MJW |
| DALE CRABTREE, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

Defendants Dale Crabtree, Terri Crabtree and Maycie Streb have filed a motion seeking dismissal of this case. These defendants argue the instant action filed by plaintiff Nationwide Mutual Insurance Company seeking a declaratory judgment is not ripe for adjudication by the court in that there is no controversy currently between the parties. Plaintiff has responded in opposition.[1]

**Discussion**

Plaintiff seeks declaratory relief under the Declaratory Judgement Act, 28 U.S.C. § 2201, which provides the federal courts can grant declaratory relief in "a case of actual controversy." Public Water Supply No. 10 of Cass County, Mo. v. City of Peculiar, Mo., 345 F.3d 570, 572 (8th Cir. 2003). To determine whether there is a case of actual controversy, the court must determine whether the traditional justiciability requirement of ripeness is met. Id. It is well settled that the ripeness inquiry requires the examination of both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. Id.

The fitness for judicial decision inquiry goes to a court's ability to visit an issue. Whether it is fit depends on whether it would benefit form further factual development. Id. at 573. A case

---

[1] With the consent of the parties, this case was transferred to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

is more likely ripe if it poses purely a legal question and is not contingent on future possibilities. Id.

The hardship prong requires that the party seeking declaratory relief show that the plaintiff has sustained or is in immediate danger of sustaining some direct injury as a result of the challenged issue. Id. The plaintiff need not wait until the threatened injury occurs, but the injury must be impending. Id.

In the instant case, there are no additional facts that need to be developed in order to determine the legal obligations of the parties. The allegations state that the coverage at issue is dependent on a vehicle accident that has already occurred. The facts related to the accident are known and "fixed." The specific policy and coverage with respect to the declaratory relief sought are also known and "fixed." Thus, the disagreement between the parties is not dependent or contingent upon any hypothetical fact or future possibility or expected events. Plaintiff is specifically seeking a judgment declaring that as to this particular accident, under this particular policy, the underinsured motorist coverage (UIM) is not available.

As to the hardship prong, the allegations and documents submitted in support of plaintiff's claim for declaratory relief show that defendants have put plaintiff on notice that they intend to make further claims under their insurance policy with plaintiff. These claims would include one under the UIM provision of the policy held by the defendants. This is a showing of sufficient hardship against the plaintiff. Plaintiff need not wait for defendants to actually file a suit against it in order to resolve the interpretation and application of the insurance contract at issue.

Defendants claim that a declaratory judgment is premature because their claim against the negligent driver has not been resolved is without merit. The Eighth Circuit has specifically held that "[i]n the insurance policy coverage context, a declaratory judgment action is ripe irrespective of whether the underlying litigation is ongoing or resolved." Scottsdale Ins. Co. v. Universal Crop Protection Alliance, LLC., 620 F.3d 926, 934 (8th Cir. 2010).

## Conclusion

For the foregoing reasons,

IT IS ORDERED that defendants' motion to dismiss is denied. [6]

2

Dated this 27th day of April, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge

3