# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

NATIONWIDE MUTUAL )
INSURANCE COMPANY, )
                                             )
               Plaintiff, )
                                             )
           v.                 )            No. 11-4344-CV-C-MJW
                                             )
DALE CRABTREE, et al., )
                                             )
               Defendants. )

## ORDER

On July 23, 2013, the parties filed a joint motion to vacate judgment. The parties assert they "have now discovered an additional liability insurance policy, of which neither the parties nor their attorneys were previously aware, that could bring the total liability insurance coverage applicable on one of the tortfeasor vehicles [the Wells truck] to $2,000,000." The parties request the judgment be vacated so the facts, as set forth in the order granting summary judgment, can be corrected for purposes of determining whether the underinsured motorist coverage of plaintiff Nationwide Mutual Insurance Company (Nationwide) is invoked and for purposes of appeal.

A status conference was held on August 27, 2013, to confirm the applicability of the newly discovered insurance policy to the damages of defendants Dale Crabtree, Terri Crabtree and Maycie Streb, and to clarify the intent of the parties. At the conference, the parties were unable to confirm, definitively, the applicability of the policy. Accordingly, the Court requested the parties to make further inquiry on the applicability of the newly discovered insurance policy and make a supplemental filing, either confirming or not confirming, that the newly discovered insurance policy coverage is applicable to the damages of the Crabtrees and Streb, and clarifying their request for relief.

On August 30, 2013, the defendants filed an additional memorandum in support of the motion to reconsider confirming the applicability of the Continental Western Insurance Company liability policy. The Memorandum states that "[s]ubsequent to Summary Judgment being fully briefed and argued, the Crabtrees learned that Continental Western Insurance had agreed to remove its Reservation of Rights under the second policy and fully indemnify and

defend. This brings the total amount of insurance coverage from Continental Western Insurance Company available on the Wells' vehicle in the underlying case to $2,000,000.00." Based on this newly discovered insurance coverage, defendants request an order setting aside the summary judgment order in this case, or alternatively, that the Court modify the Facts in the Order Granting Summary Judgment to reflect the existence of this additional insurance policy.

## Discussion

Rule 60 of the Federal Rules of Civil Procedure provides the grounds justifying corrections to or relief from a final judgment, order or proceeding. "Rule 60(b) should be liberally construed and applied to carry out the purpose of avoiding, where relief is promptly sought and no prejudice is shown, the enforcement of a judgment which has become erroneous even though it may have been proper where entered." Knox v. Lichtenstein, 654 F.2d 19, 22 (8th Cir. 1981). Upon review, this Court finds there is a proper basis for modifying the judgment entered in this case, in part, pursuant to Rule 60, as set forth below.

At summary judgment, the parties conceded this case was ripe for adjudication, and the evidence was undisputed that the Wells and Vandervleit vehicles had insurance policies providing $1,000,000.00 in liability coverage. This Court's summary judgment order focused on the disputed issue of whether the provisions of the Nationwide underinsured motorist policy precluded stacking. Accordingly, the new post-judgment information provided by the parties confirming the Wells truck has $2,000,000.00 in available liability insurance coverage, rather than $1,000,000.00, does not invalidate the entire summary judgment order. This Court's summary judgment order held that the provisions of the Nationwide insurance contract between Nationwide and Dale and Terri Crabtree/TD Outdoor Power do not preclude stacking of the six underinsured motorist coverage policies; therefore, making available underinsured motorist coverage in the amount of $1,800,000.00. The $2,000,000.00 insurance coverage available on the Wells vehicle does not change this Court's analysis regarding stacking and the availability of $1,800,000.00 under the Nationwide underinsured motorist policy; but the $2,000,000.00 does change the applicability of the summary judgment order to the Wells vehicle. This Court agrees with the parties' assertion that, pursuant to the definition of "underinsured motor vehicle" set forth in the Nationwide underinsured motorist policy, the Wells truck no longer invokes the underinsured motorist coverage provided in the Nationwide policy. The Nationwide policy

defines "underinsured motor vehicle" to mean "a land motor vehicle or trailer for which the sum of all liability bonds or policies at the time of an 'accident' … is less than the limit of insurance of this coverage."[1]  This definition precludes application of the underinsured motorist policy to the Wells truck.  The Wells truck has liability insurance coverage totaling $2,000,000.00, well in excess of the $1,800,000.00 provided by the Nationwide underinsured motorist coverage policy that was issued to the Crabtrees.  The parties are correct that this new evidence precludes the application of the Nationwide underinsured motorist policy to the Wells truck, and therefore, also precludes application of this Court's judgment to the Wells vehicle.

This modification to the Court's judgment is limited to the Wells vehicle.  The parties specifically state in their motion that the judgment in this case "remains central to whether the Vandervliet truck was an 'underinsured motor vehicle' [and] the parties are not in this motion challenging the Court's reasoning regarding or determination of the legal questions on which the case was decided…."

## Conclusion

Pursuant to the joint motion of the parties and Rule 60, this Court's summary judgment order entered on June 21, 2013, is modified to reflect the parties' jointly submitted new information showing that the Wells' truck liability coverage is $2,000,000.00, thereby making the Crabtrees' Nationwide underinsured motorist policy inapplicable to the Wells vehicle, and mooting application of this Court's judgment to the Wells vehicle.

There are no other modifications to the Court's summary judgment order of June 21, 2013; the judgment remains valid regarding the Vandervleit vehicle.

IT IS, THEREFORE, ORDERED that the parties' motion to modify the judgment of June 21, 2013, is granted, in part, as set forth herein.  [57]

Dated this 9th day of September, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge

---

[1] The relevant sections of the Nationwide Insurance Policy are specifically set forth in the Summary Judgment Order of June 21, 2013, and are found in the summary judgment filings of the parties.

3